Submitted January 30, reversed and remanded March 4, 2020

In the Matter of K. B. K. K.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. A. K.,
*Appellant.*

Josephine County Circuit Court
19JU02012; A172117

461 P3d 280

Pat Wolke, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Linder, Senior Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In this juvenile dependency case, father challenges the juvenile court's judgment of disposition ordering him to follow all the recommendations from an earlier psychological evaluation, one of which required him to participate in "batterer's intervention treatment." Relying on *Dept. of Human Services v. D. R. D.*, 298 Or App 788, 450 P3d 1022 (2019), father argues that the juvenile court erred in ordering him to complete the program because the Department of Human Services (DHS) did not meet its burden to show that the batterer's intervention program was a "treatment or training" necessary for father to ameliorate the conditions that gave rise to jurisdiction over child, K, or to prepare father to resume care of K. *See* ORS 419B.387 ("If the court finds in an evidentiary hearing that treatment or training is needed by a parent to correct the circumstances that resulted in wardship or to prepare the parent to resume the care of the ward, the court may order the parent to participate in the treatment or training if the participation is in the ward's best interests."). DHS asserts that father's objection to the batterer's intervention treatment was not sufficient to preserve his argument for appeal, but it nevertheless concedes that the juvenile court plainly erred under *D. R. D.* "because the record is insufficient to demonstrate that batterer's intervention treatment is needed to 'correct the circumstances that resulted in wardship' or to prepare father to 'resume the care of the ward.'" We conclude that father adequately preserved his argument, accept the state's concession that the juvenile court erred under *D. R. D.*, and, therefore, reverse and remand the disposition judgment.

In *D. R. D.*, which was decided after the juvenile court issued the disposition judgment in this case, we held that ORS 419B.387 "conditions a juvenile court's authority to order a parent or guardian to participate in treatment or training upon an 'evidentiary hearing' at which point evidence must establish, to the juvenile court's satisfaction, that such treatment or training is 'needed.'" 298 Or App at 799. We explained that "it is the establishment of a need for treatment or training at the evidentiary hearing that then creates the court's authority to order a parent to comply with that treatment or training." *Id*. at 799-800. In other words,

DHS must present sufficient evidence to establish that the requested training or treatment is needed to "correct the circumstances that resulted in wardship" or to "prepare the parent to resume the care of the ward." *See* ORS 419B.387.

In this case, because there is insufficient evidence in the record to support the ordered treatment, we accept the state's concession that, under *D. R. D.*, the juvenile court erred. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 355 Or 504 (2003) (explaining that we determine error based on the law as it existed at the time of the appellate decision, not at the time of the disputed ruling, and acknowledging the "ostensibly incongruous results" by that approach).

Reversed and remanded.